

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

ADL/PL AGR
2009R01422

970 Broad Street, 7*th* floor
Newark, New Jersey 07102

973-645-2700

July 21, 2014

Patrick J. Egan, Esq.
Fox Rothschild, LLP
2000 Market Street
20*th* Floor
Philadelphia, PA 19103-3222

      Re: <u>Plea Agreement with Anthony DeLuca</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Anthony DeLuca, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Anthony DeLuca to an information which charges the acceptance of bribes, contrary to N.J.S.A. § 2C:21-10, in violation of 18 U.S.C. § 1952(a)(3). If Anthony DeLuca enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Anthony DeLuca for the acceptance of bribes for the referral of blood specimens to Biodiagnostic Laboratory Services, LLC from May 2012 through April 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Anthony DeLuca may be commenced against him, notwithstanding the expiration of the limitations period after Anthony DeLuca signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1952(a)(3) to which Anthony DeLuca agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Anthony DeLuca is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Anthony DeLuca ultimately will receive.

Further, in addition to imposing any other penalty on Anthony DeLuca, the sentencing judge: (1) will order Anthony DeLuca to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Anthony DeLuca to pay restitution pursuant to 18 U.S.C. § 3663 et seq., 18 U.S.C. § 3563(b)(2), or 18 U.S.C. § 3583(d); (3) may order Anthony DeLuca, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Anthony DeLuca to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Anthony DeLuca be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Anthony DeLuca may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release

supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Anthony DeLuca by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Anthony DeLuca's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Anthony DeLuca agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Anthony DeLuca from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Anthony DeLuca waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility, Anthony DeLuca admits the forfeiture allegations of the Information and agrees to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 1952(a)(3) as charged in the Information, including but not limited to a sum of money equal to $16,500, and all property traceable to such property, for a total money judgment of $16,500 (the "Money Judgment"). On or before the date he enters his plea of guilty pursuant to this agreement, Anthony DeLuca shall pay the Money Judgment in full by certified or bank check payable to the United States Marshals Service, with the criminal docket number noted on the face of the check, and delivered to the United States Attorney's Office.

If the Forfeiture Money Judgment is not paid on or before the date Anthony DeLuca enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Anthony DeLuca fails to pay any portion of the Money Judgment on or before the date of his guilty plea, Anthony DeLuca consents to the forfeiture of any other property of his, including substitute assets, in full or partial satisfaction of the Money Judgment, until paid in full.

Anthony DeLuca agrees to consent to the entry of a Consent Judgment and Order of Forfeiture for the Money Judgment, and any further orders that may be necessary to enforce the Money Judgment, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Anthony DeLuca understands

- 4 -

that the imposition of the Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

It is further understood that any forfeiture of Anthony DeLuca's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Anthony DeLuca hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

Anthony DeLuca represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement dated _____. Anthony DeLuca agrees that if this Office determines that Anthony DeLuca has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Anthony DeLuca consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Anthony DeLuca knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Anthony DeLuca further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his

guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Anthony DeLuca. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Anthony DeLuca.

No Other Promises

This agreement constitutes the plea agreement between Anthony DeLuca and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Paul J. Fishman
United States Attorney

By: Andrew Leven
Assistant U.S. Attorney

APPROVED:

Jacob T. Elberg, Chief
Health Care & Government Fraud Unit

I have received this letter from my attorney, Patrick J. Egan, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 7/29/14
Anthony DeLuca

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 8/1/14
Patrick J. Egan, Esq.

## Plea Agreement With Anthony DeLuca

### Schedule A

1. This Office and Anthony DeLuca agree to stipulate to the following facts:

    a. The value of the improper benefit to be conferred was more than $70,000 but was not more than $120,000. Section 2B4.1(b)(1)(B) of the U.S. Sentencing Guidelines therefore applies.

    b. Anthony DeLuca abused a position of public or private trust in a manner that significantly facilitated the commission of the relevant criminal activity.

    c. As of the date of this letter, Anthony DeLuca has clearly demonstrated a recognition and affirmative acceptance of responsibility for the offense charged.

    d. As of the date of this letter, Anthony DeLuca has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently.

2. Anthony DeLuca knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls at or below 24 months' imprisonment. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above 18 months' imprisonment. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

- 8 -

3.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.